UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARNELL R. HICKS,

                Plaintiff,

     -against-

JUAN ENCARNACION, BADGE # 188; JOHN DOE; JOHN DOE; JOHN DOE,

                Defendants.

23-CV-1839 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. Plaintiff sues Juan Encarnacion, Badge # 188, and three John Doe defendants. By order dated March 14, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

**A.    Service on Defendant Encarnacion**

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Juan Encarnacion, Badge #188, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     John Doe Defendants**

Because Plaintiff does not make any allegations against the John Doe Defendants and does not supply sufficient information to permit the attorney for or agent of the Doe Defendants to identify them, the Court declines, at this time, to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in identifying a defendant), seeking the identities of the John Doe Defendants.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Juan Encarnacion, Badge #188, complete the USM-285 forms with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 13, 2023
        White Plains, New York

                                              CATHY SEIBEL
                                       United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Juan Encarnacion, Badge # 188
Ossining Police Department
Birdsall-Fagan Police Court Facility
86-88 Spring Street
Ossining, New York 10562