UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DARNELL HICKS,

                                        Plaintiff,                              **ORDER**

        - against -                                                        No. 23-CV-1839 (CS)

JUAN ENCARNACION,

                                        Defendant.
------------------------------------------------------------------------x

Seibel, J.

        Before the Court is Plaintiff's motion for transcripts at government expense.  (ECF No.

129.)  Familiarity with prior proceedings is presumed.

        "A litigant proceeding [*in forma pauperis*] under 28 U.S.C. § 1915 does not have a right

to free trial transcripts."  *Heyliger v. Cymbrak*, No. 17-CV-912, 2022 WL 18399501, at *2

(N.D.N.Y. Dec. 20, 2022).  Under 28 U.S.C. § 753(f), "'[f]ees for transcripts furnished in non-

habeas civil proceedings to persons permitted to appeal *in forma pauperis* shall be paid by the

United States 'if the trial judge or a circuit judge certifies that the appeal is not frivolous (but

presents a substantial question).'"  *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, No.

02-CV-9151, 2009 WL 1730977, at *1 (S.D.N.Y. June 18, 2009) (quoting 28 U.S.C. § 753(f)).[1]

"Courts have defined a substantial question for the purposes of Section § 753(f), as a question

that is reasonably debatable when judged on an objective basis."  *Id.*  "When considering

whether to furnish an appellant *in forma pauperis* with a free copy of a trial transcript, courts

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.  The Court will send Plaintiff copies of all unreported cases cited in this decision.

also take into account whether a transcript is necessary to the appeal, and the cost to the Court of providing the requested transcript." *Id.*

> § 753(f) was not intended to require free transcripts for all civil litigants proceeding *in forma pauperis* who argue a sufficiency of the evidence issue or factual issues on appeal. Instead, a successful § 753(f) motion will demonstrate a nexus between specific portions of the trial transcript and the particular grounds on which the plaintiff intends to appeal; the plaintiff must show that the former is necessary for asserting the latter. Stated another way, the plaintiff is obliged to make a particularized showing of his need for a free transcript.

*Matteson v. Galarneau*, No. 16-CV-1548, 2020 WL 13615670, at *1 (N.D.N.Y. Feb. 28, 2020). "[G]eneralized allegations of bias and the failure of the jury to consider the entire record are too conclusory to carry Plaintiff's burden of establishing a particularized connection between his arguments and the need for the transcript." *Id.*

Plaintiff identifies the following as the issues as to which he requires the trial transcript: "(1) the jury's exposure to a video that the Court had ruled inadmissible before it was played; (2) the defense presentation of partial video evidence focused primarily on my speech while the critical beginning/missing camera gap was unavailable; and (3) jury instructions and trial rulings that minimized my central evidence and unfairly prejudiced my claims." (ECF No. 129.)

As to the first issue, the Court's recollection is that it excluded the video in question pursuant to Federal Rules of Evidence 403 and 404(b), but stated that the video could come in to corroborate Chief Zimmerman's testimony that his statement on the video to the effect that he had previously lied was a sarcastic response to abusive statements by Plaintiff, in the event that Plaintiff denied the abusive statements. Plaintiff did not object when Defendant played the video with Chief Zimmerman on the stand, but when the Court called a sidebar to address the issue, Defendant's counsel stated that he had misunderstood the ruling. Counsel also argued that the video was admissible even under the ruling, as Plaintiff had opened the door by testifying that he did not say anything abusive until after Chief Zimmerman said he had lied – testimony clearly

2

refuted by the video. I agreed with the latter argument and allowed the rest of the video to be played. Plaintiff's appeal of that ruling is not frivolous, and although I doubt it presents a substantial issue, in an excess of caution I grant Plaintiff's application for the transcript not of the entire trial, but of the portions relevant to the issue, as described above – that is, the initial ruling (which I believe was on January 12, 2026), Plaintiff's testimony about the encounter with Zimmerman (which I believe was the same day), and Zimmerman's testimony about the encounter and the video, including the sidebar (which I believe was on January 13, 2026).

It is undisputed that the only available video of the encounter between Plaintiff and Defendant – that is, video following the alleged false arrest and use of excessive force – was played at the trial, so I construe Plaintiff's second issue to be a challenge to my ruling declining to award spoliation sanctions but permitting Plaintiff to raise before the jury the fact that no earlier footage was preserved. That arguably presents a substantial issue, so I grant Plaintiff's application for my ruling on that subject, which I believe occurred at the final pretrial conference on January 5, 2026.

The third issue is too conclusory and general to show a substantial question. *See Moore v. Gardner*, 201 F. App'x 803, 804 (2d Cir. 2006) (summary order); *Matteson*, 2020 WL 13615670, at *1.[2]

---

[2] Plaintiff also filed a document entitled "Statement of Issues Presented for Review." (ECF No. 131.) It is not clear if it is intended as part of the instant motion, or as part of other motions filed the same day, or as a notice of appeal. In any event, the first item on that document corresponds to the first issue raised in the instant transcript motion. The second, third and fifth items correspond to the second issue raised in the instant transcript motion. The fourth item is frivolous, or at the very least insubstantial, in light of the instructions to the jury regarding the protections of the First Amendment. The sixth issue is frivolous, as the jury was properly instructed to consider only the evidence in the form of testimony and exhibits, and that what Plaintiff said in his capacity as his own lawyer was not evidence. The seventh issue is too general and conclusory to show a substantial question.

Accordingly, the motion is granted in part and denied in part.  The above-described portions of the transcript, which relate to non-frivolous issues and will be necessary to decide the issues on appeal, are to be provided by the court reporter (on a non-expedited basis) at the expense of the United States, pursuant to 28 U.S.C. § 753(f).

**SO ORDERED.**

Dated: January 22, 2026
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.